The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hedrick. The appealing party has not shown ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. Plaintiff received all temporary total and temporary partial disability compensation he was entitled to receive through 21 October 1996.
2. After his injury, plaintiff returned to work for defendant-employer as a jack driver and at the time of the hearing was earning wages equal to or greater than the wages he earned at the time of his injury.
3. A set of plaintiff's medical records received from defendants' counsel on 4 February 1997 is stipulated into evidence.
EVIDENTIARY RULINGS
The objections appearing in the depositions of Drs. Martin and Whitehead are OVERRULED.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was thirty-eight years old, married and the father of two children. He had a ninth grade education.
2. Plaintiff began his employment with defendant-employer on 8 March 1994. On 6 May 1994, plaintiff slipped and fell on a floor that had recently been mopped. When he slipped, plaintiff landed flat on his back, also striking his left elbow. As a result of his fall, plaintiff sustained strains of his cervical and lumbar spine. Plaintiff's left elbow was lacerated and required suturing.
3. As a result of his injury on 6 May 1994, plaintiff has a five percent permanent impairment of his back.
4. Approximately six weeks after 6 May 1994, plaintiff began to experience a variety of symptoms relating to bowel function. On 10 June 1994, plaintiff presented to his family physician due to having rectal pain and a bloody bowel movement the previous day. Plaintiff's symptoms were caused, in part, by hemorrhoids and an anal fissure. Plaintiff's hemorrhoids and anal fissure were not caused by his injury on 6 May 1994.
5. Plaintiff also experienced episodes of bowel incontinence, changes in his bowel habits and changes in bowel sensations. Plaintiff's first episode of incontinence did not occur until approximately five months after 6 May 1994. Plaintiff's incontinence was evaluated by Dr. Martin, Dr. Whitehead and Dr. Freedman. Dr. Whitehead and Dr. Martin sought to determine the cause of plaintiff's incontinence by performing a number of diagnostic tests, including an anorectal manometry testing.
6. Plaintiff's bowel incontinence, and the changes in his bowel habits and bowel sensations, were not caused or aggravated by his injury on 6 May 1996.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff is entitled to payment of permanent partial disability compensation at the rate of $166.68 per week for fifteen weeks. N.C. Gen. Stat. § 97-31 (23).
2. Plaintiff is entitled to payment of all medical expenses incurred as a result of his back injury on 6 May 1994 for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen his period of disability. N.C. Gen. Stat. § 97-2 (19); N.C. Gen. Stat. § 97-25.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay plaintiff permanent partial disability compensation at the rate of $166.68 per week for fifteen weeks. This amount shall be paid in a lump sum, subject to the attorney's fee approved in paragraph 3.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of his back injury on 6 May 1994 for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen his period of disability.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff is approved for plaintiff's attorney and shall be paid as follows: twenty-five percent of the lump sum due plaintiff in paragraph 1 shall be deducted from that amount and paid directly to plaintiff's attorney.
4. Defendants shall pay the costs, including $175.00 to Dr. Whitehead as an expert witness fee.
This the 31st day of July 1997.
 S/ _____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________ WANDA BLANCHE TAYLOR DEPUTY COMMISSIONER
S/ _____________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
DCS:jmf